IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MABLE LYONS, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| OSH-PA PHYSICIANS GROUP, PC; OAK STREET HEALTH MSO, LLC; and CVS HEALTH CORPORATION, | |
| Defendants. | |

## COMPLAINT

Plaintiff Mable Lyons files this Complaint against Defendants OSH-PA Physicians Group, PC; Oak Street Health MSO, LLC; and CVS Health Corporation (collectively "Healthcare Defendants"), seeking relief from the Healthcare Defendants' violations of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq*.), and in support states the following:

## PRELIMINARY STATEMENT

1.     Lyons is an accomplished and experienced Nurse Practitioner who was beloved by her patients and appreciated by nearly all her colleagues.

2.     For Lyons, like many professional women, having it all was not possible because she prioritized the needs of others above her own. But Lyons did her best and her main priority in life was finding ways to balance the demands of her career with the Healthcare Defendants and caring for her daughter, who lived with persistent and serious medical conditions and disabilities that required constant care.

3.     Throughout her employment, Lyons always performed the essential duties of her job with the HealthCare Defendants. Despite this, the Healthcare Defendants demanded more

1

and ultimately punished Lyons for exercising her right to take FMLA-protected leave to care for her sick daughter.

4.     Lyons is initiating this matter to address the Healthcare Defendants' decision to punish her for taking leave under the FMLA to care for her sick daughter. Lyons is also filing this matter to prevent Healthcare Defendants from taking the same or similar actions against other employees who take leave under the FMLA to care for themselves or others.

## THE PARTIES

5.     Plaintiff Mable Lyons is an adult individual who resides in Lumberton Township, New Jersey, but worked for the Healthcare Defendants at a medical office located 2311 Cottman Ave., Philadelphia, Pennsylvania 19149.

6.     Defendant OSH-PA Physicians Group ("Oak Street PA") is a corporation organized under Pennsylvania law with headquarters located at 30 W. Monroe Street, Suite 1200, Chicago, Illinois 60603.

7.     Defendant Oak Street Health MSO, LLC ("Oak Street") is a corporation organized under Illinois law with headquarters located at 30 W. Monroe Street, Suite 1200, Chicago, Illinois 60603.

8.     Defendant CVS Health Corporation ("CVS") is a corporation organized under Delaware law with headquarters located at 1 CVS Drive, Woonsocket, Rhode Island 02895.

9.     At all relevant times, the Healthcare Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, the Healthcare Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

10.     At all relevant times, the Healthcare Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with the Healthcare Defendants and in furtherance of the Healthcare Defendants' business.

11.     At all relevant times, each of the Healthcare Defendants was an employer as defined by the FMLA.

12.     At all relevant times, Lyons constituted an employee as defined by the FMLA.

### JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the claims of Lyons arise under the laws of the United States and Lyons is seeking redress for violations of federal laws.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the Healthcare Defendants owned, operated, and controlled a medical office located at 2311 Cottman Ave., Philadelphia, Pennsylvania 19149, which is located within the Eastern District of Pennsylvania and a substantial part of the events and omissions giving rise to this action occurred within the Eastern District of Pennsylvania at that medical office.

### FACTUAL BACKGROUND

A.     Lyons' Employment with the Healthcare Defendants

15.     In October 2022, Lyons began her employment with Defendants Oak Street and Oak Street PA ("Oak Street Defendants") as Nurse Practitioner, working at the medical office located at 2311 Cottman Avenue, Philadelphia, Pennsylvania 19149.

16.     During her first six months of employment, Lyons performed all the essential duties of her job and became a valued member of the Oak Street Defendants.

3

17.    In May 2023, Defendant CVS acquired the Oak Street Defendants. As a result, all employees of the Oak Street Defendants, like Lyons, became employees of the Healthcare Defendants under the joint and/or single employer doctrine.

18.    As an employee of the Healthcare Defendants, Lyons continued to perform all the essential duties of the Nurse Practitioner position and performed them well.

B.    Lyons' Need for Intermittent FMLA Leave

19.    In the fall of 2023, Lyons' daughter experienced complications from heart surgery. These surgery-related complications exacerbated Lyons' daughter's existing disabilities, which included chronic kidney disease (which required dialysis) and diabetes. As a result, Lyons' daughter was incapable of self-care because of surgery-related complications and her disabilities.

20.    Lyons subsequently applied for and was approved to use intermittent FMLA Leave to care for her daughter in October 2023.

21.    While Lyons' daughter needed significant and constant care, Lyons remained dedicated to her job and only used 2-3 days of FMLA Leave per month. In addition, Lyons continued to perform all her job duties and performed them well.

22.    Lyons' coworkers and supervisors were all aware of Lyons' daughter's serious health condition and disabilities. In fact, Lyons' immediate supervisor and coworkers often remarked that they did not know how Lyons managed to perform all her job duties and serve as primary caretaker for her daughter.

23.    After six months, the Healthcare Defendants required Lyons to recertify her need for intermittent FMLA Leave to care for her daughter, which Lyons did.

24. Throughout her employment with the Healthcare Defendants, Lyons' daughter remained incapable of self-care and Lyons was repeatedly approved to use intermittent FMLA Leave to care for her daughter.

C.      Healthcare Defendants' Interference with Lyons' Use of Intermittent FMLA Leave

25. Throughout her employment, the Healthcare Defendants repeatedly interfered with Lyons' ability to use her intermittent FMLA Leave to care for her daughter.

26. For example, Lyons was never permitted to use her intermittent FMLA Leave on days she was scheduled to see patients, even when Lyons provided reasonable notice that would have permitted the Healthcare Defendants to either reschedule that patient's appointment or have one of Lyons' coworkers cover that patient's appointment.

27. In early 2026, Lyons requested to use a day of her intermittent FMLA Leave to care for her daughter and that request was denied by the Healthcare Defendants. Upon information and belief, the Healthcare Defendants denied Lyons' request to use intermittent FMLA Leave before determining if Lyons' absence from work could be mitigated or minimized.

28. In February 2026, Lyons notified her immediate supervisor that she would not be able to attend a conference in Atlanta, Georgia in March 2026 that the Healthcare Defendants wanted all their medical provider-employees to attend. When asked why, Lyons told her immediate supervisor that she did not want to travel far from her daughter, who remained incapable of self-care because of her serious health condition and disabilities.

29. Shortly thereafter, Lyons was issued the first written warning of her career for "lack of significant progress on [her] cutover work." Lyons was also warned about issues pertaining to her Pennsylvania Prescriptive Authority ("PPA") license and Basic Life Support ("BLS") certification.

30.     Lyons immediately addressed the issues in her written warning. Lyons also notified the Healthcare Defendants that there were no substantive issues relating to her PPA license, just an outstanding payment of required fees, which Lyons immediately remedied. Lyons also immediately resolved the BLS certification issue.

31.     On April 14, 2026, Lyons was called into the office of her immediate supervisor and fired. Lyons was also handed a letter which stated that the reason for the termination of her employment was due to Lyons' failure to timely renew her PPA license and BLS certification.

32.     Upon information and belief, the Healthcare Defendants had never issued a written warning to other employees for cutover work.

33.     Upon information and belief, the Healthcare Defendants had never terminated the employment of an employee who had failed to timely renew either their PPA license or BLS certification.

34.     Upon information and belief, the Healthcare Defendants' stated reasons for the termination of Lyons' employment were pretext as Lyons' firing was due to Lyons' persistent and lawful use of intermittent FMLA-protected leave to care for her daughter, which prevented Lyons from being cultishly devoted to work in a way that her immediate supervisor demanded.

35.     By terminating Lyons' employment, the Healthcare Defendants failed to apply its workplace policies in a uniform and fair manner to all its employees.

36.     It is believed that the Healthcare Defendants acted willfully and in reckless disregard of Lyons' rights under the FMLA by denying her use of intermittent FMLA Leave to care for her daughter in 2026; disciplining her for issues that other employees were issued verbal warnings for; and terminating her employment even after Lyons had provided satisfactory and reasonable explanations for failing to timely renew her PPA license and BLS certification.

**STATEMENT OF CLAIMS**

**COUNT I**
Violations of the FMLA
(Plaintiff v. Healthcare Defendants)

37.     Lyons incorporates by reference the allegations in Paragraphs 1 through 36, as if fully set forth herein.

38.     By the actions described above, among others, the Healthcare Defendants interfered with Lyons' rights to use intermittent FMLA Leave to care for her daughter by prohibiting Lyons from ever taking FMLA-protected leave on days she was scheduled to see a patient and by terminating Lyons' employment one day before her intermittent FMLA Leave was set to expire.

39.     As a direct and proximate result of the Healthcare Defendants' unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

40.     The Healthcare Defendants committed these unlawful acts with willful negligence, recklessness or a conscious disregard of Plaintiff's rights under the FMLA, for which Plaintiff is entitled to an award of liquidated damages.

**COUNT II**
Violations of the FMLA
(Plaintiff v. Healthcare Defendants)

41.     Lyons incorporates by reference the allegations in Paragraphs 1 through 40, as if fully set forth herein.

42.     By the actions described above, among others, the Healthcare Defendants discriminated and/or retaliated against Lyons for repeatedly using her intermittent FMLA Leave

7

to care for her daughter. Specifically, the Healthcare Defendants took issue with Lyons' increasing requests to use intermittent FMLA leave in 2026, which the Healthcare Defendants viewed as harmful to their day-to-day operations. And as a result, the Healthcare Defendants terminated Lyons' employment.

43.     As a direct and proximate result of the Healthcare Defendants' unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, economic damages, mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

44.     The Healthcare Defendants committed these unlawful acts with willful negligence, recklessness or a conscious disregard of Plaintiff's rights under the FMLA, for which Plaintiff is entitled to an award of liquidated damages.

## **REQUESTS FOR RELIEF**

Accordingly, Lyons requests that this Court enter judgment on her behalf and enter an order directing the award of other relief, as follows:

A.     Finding that the Healthcare Defendants were Lyons' joint and/or single employer;

B.     Finding that the Healthcare Defendants violated the FMLA;

C.     Awarding Lyons back pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make her whole;

D.     Ordering the Healthcare Defendants to reinstate Lyons to her former position, or in the alternative, an award of front pay damages;

E.     Awarding Lyons compensatory damages;

F.     Awarding Lyons liquidated damages;

G.     Awarding Lyons attorneys' fees and costs;

8

H.      Awarding Lyons pre- and post-judgment interest as provided by law;

I.      Injunctive relief and such other and further equitable relief as the Court deems necessary and proper; and

J.      Awarding Lyons any other relief to which she is entitled and/or which this Court deems necessary and proper

**A jury trial is demanded for all claims triable by jury.**

Respectfully submitted,

/s/ Sammy Sugiura
Sammy Y. Sugiura
Greenberg Gross LLP
1650 Market Street, Suite 3600,
Philadelphia, PA 19103
SSugiura@GGTrialLaw.com

**Counsel for Plaintiff**

9